JANKOVICH *v.* WAYNE CIRCUIT JUDGE.

AMENDMENTS — DIVORCE — ORDER OF PUBLICATION — STATUTES — EQUITY—ORDERS—IRREGULARITY.

A mistake in the order for appearance of defendant in a divorce proceeding resulting in the order fixing a period for defendant to appear of four months instead of five, as it ought to have required, where complainant's solicitor corrected the error, and caused the order to be correctly published, was open to amendment, and should have been corrected at the hearing by the circuit judge, nobody having suffered any prejudice. 3 Comp. Laws, § 10268 (5 How. Stat. [2d Ed.] § 12969).

Mandamus by Dusanka Jankovich against George L. Hosmer, one of the circuit judges for the county of Wayne, to require respondent to grant leave to relator to amend an order of the court. Submitted July 23, 1915. (Calendar No. 26,833.) Writ granted September 28, 1915.

*Ira J. Pettiford,* for relator.

KUHN, J. The relator, through her counsel, made a motion before respondent to amend an order theretofore made in a divorce proceeding pending, which motion being denied, mandamus is sought in this court.

The facts with relation thereto are as follows: The relator filed a bill for divorce against her husband on the grounds of extreme and repeated cruelty and desertion, and on the 14th of April, 1914, made an affidavit for an order of publication, to the effect that the defendant be required to have his appearance filed within a certain time as required by the statutes of this State relative to service upon nonresident defendants. This affidavit for the order of publication,

together with a "proposed order of publication," was presented to the then domestic relations judge and *ex officio* circuit judge for Wayne county.   It is claimed that in writing this order for publication the stenographer by mistake put in "four months," instead of "five months," and it was signed by the judge in the form in which it was presented.   The error was subsequently discovered by the solicitor for complainant, and corrected while in the office of the publisher, and the words were changed to "five months," instead of "four months," and as such the order was duly published as required by statute.   On the 19th of September, 1914, the proper affidavits were filed and the cause noticed for hearing.   It came on to be heard by the respondent, who refused to allow the cause to be heard because of the insufficiency of the said order of publication, being of the opinion that he was without jurisdiction.

The signing of the erroneous order did not, in our opinion, affect the jurisdiction of the court, and the question of the sufficiency of the order is properly raised, being in the proceeding itself.   It was clearly an erroneous order made by the domestic relations judge.   It being a statutory proceeding, it would necessarily result in making the proceedings irregular and voidable.   In our opinion, however, it was within the power of the court, under our statute of amendments, to have corrected the error; the statute (section 10268, 3 Comp. Laws, being section 12969, 5 How. Stat. [2d Ed.], providing as follows:

"The court, in which any action shall be pending, shall have power to amend any process, pleading, or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered therein."

When the amendment sought is in the furtherance of justice, and neither surprises nor deprives the oppo-

site party of any essential rights, under our decisions it should be permitted. See cases cited in note to statute. We do not think that the defendant can be heard to say that he has lost any right by an amendment of the order, as a proper five months order was duly published in accordance with the statute.

Being of the opinion that the judge should have granted the motion to amend the original order, it follows that the writ will issue as prayed, and without costs.

BROOKE, C. J., and STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.